**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| THEODORE SCOTT | : |
|    Petitioner | : |
|       v. | :   Civil Action No. JFM-07-253 |
| |      Criminal Action No. JFM-02-88 |
| UNITED STATES OF AMERICA | : |
|    Respondent | |

o0o

## MEMORANDUM

Before the court is a pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence filed by Theodore Scott, an inmate at the Federal Correctional Institution- McKean. The court will dismiss the petition as time-barred.

**Procedural Background**

On January 20, 2004, the court sentenced Scott to 360 months incarceration after he pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin, crack cocaine, and cocaine in violation of 21 U.S.C. § 846. Scott did not appeal.

Scott filed the instant petition on January 24, 2007.[1] On February 7, 2007, the court entered granted Scott thirty days to offer possible grounds to consider the motion timely by virtue of principles of equitable tolling or other grounds. *See Hill v. Braxton*, 277 F. 3d 701, 707 (4th Cir. 2002) (federal habeas court required to notify pro se petitioner that the petition is subject to dismissal as time-barred). Upon review of Brown's response, the court directed government counsel to address the claims proffered. Counsel filed a response on August 2, 2007.

---

[1] The §2255 motion was received by the Clerk on January 29, 2007. For the purposes of assessing timeliness, the court deems the petition filed on January 24, 2007, the date it was signed. *See Houston v. Lack*, 487 U.S. 266 (1988).

**Statute of Limitations**

Petitions filed under 28 U.S.C. §2255 must be filed within one year of the time on which the judgment of conviction becomes final.[2]  *See* 28 U.S.C. § 2255(1).  Scott's conviction became final for the purposes of the one-year limitations period on the date this court entered the judgment of conviction.  *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (where no appeal is taken, statute of limitations begins to run on date court entered judgment of conviction).

Scott's one-year period of limitations began to run on January 20, 2004, and expired one year later on January 20, 2005.  When Scott filed the instant petition on January 24, 2007, it was two years outside the limitations period.

**Equitable Tolling**

The one-year limitation period is subject to equitable tolling where a petitioner demonstrates there are "1) extraordinary circumstances, 2) beyond his control or external to his own conduct,

3) that prevented him from filing on time." *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 2339 F.3d 238, 246 (4th Cir. 2003) (en banc).  A petitioner must establish that

---

[2] Section 28 U.S.C. §2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

either some wrongful conduct by a respondent contributed to the delay in filing or that circumstances beyond his control caused the delay. *See Rouse v. Lee,* 339 F. 3d 238, 246 ( 4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2006). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse,* 339 F.3d at 246.

## Discussion

Scott contends that equitable tolling is warranted because: 1) he did not have access to legal materials to file for federal habeas relief during the time he was incarcerated at the Eastern Correctional Institution, a Maryland state correctional facility; and 2) his counsel rendered ineffective assistance when he allegedly assured Scott that "the federal sentence began to run upon the date of the imposition," and that he would receive credit toward his federal sentence for time served in the state system after his federal sentencing.[3] Alternatively, Scott proffers that 28 U.S.C. §2255(4)[4] applies and the one-year limitations period commenced on the date he received a notice from the Bureau of Prisons calculating his remaining sentence.

**Access to Library Materials**

---

[3] Scott does not claim that his guilty plea was entered unknowingly or involuntarily, nor does he claim that he entered his guilty plea based on any promise, condition or expectation that his federal sentence would be concurrent with his state sentence or that he would be accorded credit for time served.

[4] *See supra* note 2 .

3

It is not unusual for prisoners to be serving federal sentences imposed concurrent or consecutive to state sentences.[5]  Scott's conclusory assertions regarding alleged inadequacies of a state prison law library, without more, do not constitute extraordinary circumstances. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1988).  Scott fails to state how shortcomings in the library hindered his efforts to pursue federal collateral relief or that government officials attempted to thwart his efforts to obtain such information.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).  The pleadings do not suggest that officials acted in any manner to prevent Scott from filing for federal relief.  Lastly, the the facts show that Scott was taken into federal custody on December 24, 2005,[6] but waited until January 24, 2007, to file his §2254 motion, thereby bringing into question whether he acted diligently in pursuing his rights. *See Pace,* 544 U.S. at 418.

Scott acknowledges that  was under a "mistaken" belief as to when his federal sentence started to run in relation to his state sentence.[7]   To the extent petitioner's delay in filing can be attributed to his lack of understanding of the law,  unfamiliarity with the law may not be used to justify equitable tolling.  *See  Sosa*, 364 F.3d at 512.  For these reasons, this claim fails to warrant equitable tolling.

**Ineffective Assistance of Counsel**

Scott next claims counsel provided ineffective assistance when he assured Scott that "the federal sentence began to run upon the date of the imposition" and he would receive credit toward

---

[5]Counsel for respondent points out that state prisoners in Maryland regularly, and without the barriers alleged by Scott,  frequently seek habeas corpus and other actions seeking federal relief in this court. Gov't Response, p. 2.

[6]Petitioner's response, p. 1.

[7]Petitioner's response, p. 5.

his federal sentence for time served in the state system after his federal sentencing.[8]  Even if the court were to assume that counsel's actions amounted to improper representation, mistake of counsel does not generally amount to an extraordinary circumstance justifying equitable tolling. *See Rouse*, 339 F. 3d at 248-49; *see also* Harris, 208 F.3d at 331 (attorney error interpreting a statute of limitations is not an extraordinary circumstance beyond the petitioner's control for equitable tolling). Further, the facts alleged do not suggest that counsel acted to hinder timely filing of the petition.  Consequently, there is no cause for equitable tolling.

**Newly Discovered Facts**

Scott's alternate theory that the limitations period began to run on February 14, 2006, when he discovered his state and federal sentences ran consecutively is without merit.  Under 28 U.S.C. §2255(4), a petitioner may file for relief within one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(4).[9]

In this case, there was no new "fact" that occurred after the one-year period of limitations elapsed, nor was any new evidence or law discovered that could not have been discovered within the limitations period.  Scott presents no reason why he could not have earlier verified the consecutive nature of his sentences or amount of time-served credit. Scott's efforts to the extent that he was unsure after sentencing whether he would receive credit for state time served, cast into doubt

---

[8]Scott also faults counsel for failing to argue for a concurrent sentence under §5G1.3 of the United States Sentencing Guidelines. Complaint at 5.  This argument fails to present any reason to excuse Scott's late filing. Instead, this claim addresses the merits of the petition for collateral relief.  Although the court recognizes Scott is proceeding pro se and has accorded his pleadings liberal interpretation, this claim presents no grounds for equitable tolling.

[9]Section 2254(4) is not a tolling provision, but rather extends the length of filing time by excluding periods that post-date the start of the limitations clock from the calculation of how much time has run. "Rather it resets the limitations period's beginning date, moving it from the time when the conviction became final... to the later date on which the claim accrued." *Wims v. United States,* 225 F.3d 186, 190 (2d Cir. 2000).

5

whether he exercised requisite due diligence.  Under these facts, §2255(4) provides no basis for extending the date the statute of limitations commenced.[10]

**Conclusion**

For the reasons stated herein, the court finds that there is no cause to apply principles of equitable tolling or otherwise extend the one-year period of limitations.  The court will dismiss the petition as untimely by separate order.


August 21, 2007                                          /s/
Date                                                              J. Frederick Motz
                                                                  United States District Judge

---

[10] Scott's reliance on *United States v. Gadsen;* 332 F. 3d 224 (4th Cir. 224), is misplaced. In *Gadsen*, the newly discovered "fact" was a state appellate court decision affirming vacatur of a state conviction on which career offender status was predicated, circumstances readily distinguishable from those presented here.  Similarly, Scott's citation to *Easterwood v. Champion*, 213 F.3d 1321 (10th Cir. 2000) is unavailing.  *Easterwood* addressed discerning when to attribute discovery of new facts in the context of a 28 U.S.C. §2254 successive petition for habeas relief.